George M. Carney, J.
Petitioner’s motion to quash the subpoena duces tecum served upon it by the respondent New York State Liquor Authority is granted. The subpoena was issued during the course of respondent’s investigation into the financial status of an applicant for a license. During that investigation, it was disclosed that petitioner, a “ juke box ” distributor, as part of a transaction involving the installation of such an instrument in the applicant’s premises, loaned the applicant funds. *179 Some investigation into petitioner’s affairs raised the suspicion, by respondent, that petitioner was controlled by undesirable persons with criminal connections, and that there was a possibility that through the device of installing “ juke boxes ”, and advancing moneys to the licensee of the premises licensed by respondent, petitioner was improperly and indirectly gaining control over such premises when, in fact, those persons in control of petitioner would be disqualified from obtaining licenses themselves. Thus the subpoena challenged was issued which, by its terms, calls for the production of records ‘ ‘ showing the location of all coin operated devices owned by [petitioner] * * * located in premises licensed by [respondent] * * * Also records, if any, loans or advance commissions made in past two years to any person or Corp. licensed by S. L. A.” While respondent urges that such information is necessary to determine if the particular application pending should be granted — for the records would reveal if said applicant was operating as a “ front ” for others with undesirable backgrounds — it appears clear that the focus of the investigation has changed. The records are sought, clearly, to aid in an investigation of petitioner —which is not and need not be licensed by respondent. The facts surrounding petitioner’s loan to the applicant are known. The information sought is not pertinent to the issue of the character of petitioner’s principals. It is in the nature of the commencement of a general investigation into petitioner. However, respondent is a specialized agency, not empowered to undertake such general investigations into nonregulated parties. A proper party to do so would appear to be indicated in the decision cited by respondent — Matter of La Belle Creole Int. v. Attorney-General (10 N Y 2d 192). Similarly, cases such as Matter of Dairymen’s League Co-op. Assn. v. Murtagh (274 App. Div. 591, affd. 299 N. Y. 634) are inapposite for there the investigation was being conducted by an official charged with investigations in any relevant field. Similarly, cases upholding the right of a regulatory agency, charged with the regulation of a field, to investigate those purportedly improperly engaged in that field, without a license, are inapposite (cf. Matter of Dawn Operators v. Lyon, 283 App. Div. 358). Accordingly, the subpoena being too broad, on its face unrelated to the investigation of the application before respondent, and not founded upon any investigation of petitioner’s business, it will be, and is hereby quashed.